**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QINGHE LUO, | No. 12-73968 |
| Petitioner, | Agency No. A098-458-378 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014**

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Qinghe Luo, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from the

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on Luo's shifting testimony regarding his occupation in China. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1151-52 (9th Cir. 1999); *see also Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) (inconsistencies and other indications of dishonesty may deprive a claim of requisite "ring of truth"). Substantial evidence also supports the BIA's implausibility finding. *See Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007) (upholding agency's finding that testimony was implausible in light of background evidence). Further, the agency was not compelled to accept Luo's explanations. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Luo's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Luo's CAT claim is based on the same evidence the agency found not credible and Luo does not point to any other evidence in the record to show it is more likely than not he would be tortured in China, his CAT claim fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**